J-S58027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ALLAN RYAN | : | |
| | : | |
| Appellant | : | No. 475 WDA 2018 |

Appeal from the PCRA Order March 5, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012696-2015

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    FILED OCTOBER 09, 2018

Richard Allan Ryan (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant factual and procedural history of this case as follows:

> [Appellant] was charged with Rape of a Child,[FN]1 Involuntary Deviate Sexual Intercourse with a Child,[FN]2 Aggravated Indecent Assault,[FN]3 Statutory Sexual Assault,[FN]4 Unlawful Contact with a Minor,[FN]5 Incest of a Minor Under 13,[FN]6 Indecent Assault of a Person Under 13,[FN]7 Endangering the Welfare of a Child,[FN]8 Indecent Exposure[FN]9 and Corruption of Minors[FN]10 in relation to a series of incidents between [Appellant] and [the victim] when [the victim] was between the ages of eight (8) and 11.  He appeared before this Court on April 27, 2016, and pled guilty to Rape of a Child, IDSI with a Child, Aggravated Indecent Assault, Incest of a Minor and Endangering the Welfare of a Child and the remaining charges were withdrawn.  Pursuant to the agreement, he was immediately sentenced to a term of imprisonment of seven (7) to 15 years with a subsequent term of probation of five (5)

years. Following a hearing, [Appellant] was found to be a Sexually Violent Predator. No Post-Sentence Motions were filed and no direct appeal was taken.

[FN]1 18 Pa.C.S.A. §3121(c)

[FN]2 18 Pa.C.S.A. §3123(b)

[FN]3 18 Pa.C.S.A. §3125(b)

[FN]4 18 Pa.C.S.A. §3122.1(b)

[FN]5 18 Pa.C.S.A. §6318(a)(1)

[FN]6 18 Pa.C.S.A. §4302(b)(1)

[FN]7 18 Pa.C.S.A. §3126(a)(7)

[FN]8 18 Pa.C.S.A. §4304(a)

[FN]9 18 Pa.C.S.A. §3127(a)

[FN]10 18 Pa.C.S.A. §6301(a)(1)

No further action was taken until May 10, 2017, when [Appellant] filed a pro se Post Conviction Relief Act Petition. Rachel Santoriella, Esquire, was appointed to represent [Appellant], but she later filed a Turner "No-Merit" Letter and sought[,] and was granted[,] permission to withdraw. After giving the appropriate notice of its intent to do so, this Court dismissed the Petition without a hearing. Scott Coffey, Esquire, was appointed to represent [Appellant] on appeal and this appeal followed.

PCRA Court Opinion, 7/9/18, at 1-2.

Appellant presents six issues for our review (reordered for ease of discussion):

1. APPELLANT WAS DENIED PRETRIAL DISCOVERY/DISCLOSURE MATERIALS[ ], WAS NOT INFORMED OF THE ACCUSATIONS AGAINST HIM, AND THEREFORE HE COULD MAKE NO INFORMED DECISION REGARDING HIS PLEA, WHICH WAS UNKNOWING, INVOLUNTARY AND UNINTELLIGENTLY MADE.

- 2 -

2. APPELLANT WAS DENIED FUNDAMENTAL FAIRNESS AND CONSTITUTIONAL PROTECTIONS BEFORE AND AT TRIAL TIME.

3. TRIAL COUNSEL ESSENTIALLY ABANDONED APPELLANT AND FAILED TO SUBPOENA MATERIAL AND EXPERT WITNESSES, AND FOR FAILING TO GET A PRIVATE INVESTIGATOR APPOINTED.

4. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE THE DISMISSAL WAS A MISCARRIAGE OF JUSTICE SINCE NO EVIDENTIARY HEARING WAS HELD AND APPELLANT WAS NOT PERMITTED TO FILE HIS OWN BRIEF SINCE APPELLANT WAS ABANDONED BY PCRA COUNSEL?

5. APPELLANT WAS A VICTIM OF PROSECUTORIAL MISCONDUCT/SELECTIVE PROSECUTION AND AN INDUCED GUILTY PLEA.

6. APPELLANT'S SENTENCE WAS ILLEGAL SINCE THE SENTENCING COURT LACKED CONSTITUTIONAL OR STATUTORY POWER TO IMPOSED [SIC] IT, AND THEREFORE THE TRIAL COURT HAD NO JURISDICTION TO IMPOSE [HIS] SENTENCE.

Appellant's Brief at 3-4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" Id.

Appellant's first three issues are related, and thus, we address them together. Appellant's issues challenge plea counsel's effectiveness as it relates

to his guilty plea. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. Commonwealth v. Bomar, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." Id. (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. King, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. Bomar, 104 A.3d at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." Commonwealth v. Moser, 921 A.2d 526, 531 (Pa.Super.2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id. (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." Id. (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

Commonwealth v. Kelley, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted).

Appellant argues that his guilty plea was not knowing, voluntary, and intelligent due to plea counsel's ineffectiveness. Appellant contends that he had no choice but to plead guilty because plea counsel did not pursue witnesses who would have supported Appellant's version of the events or obtain discovery materials so Appellant could fully understand the allegations against him and properly prepare for trial. Appellant's Brief at 13-14.

Based upon our review of the certified record, including the transcript of Appellant's guilty plea hearing and his written colloquy, we conclude that Appellant's guilty plea was knowing, voluntary, and intelligent. The record reflects that the trial court informed Appellant of the nature of the charges to which he pled guilty, the factual basis for the plea, the sentences, and that it was accepting the negotiated sentence. N.T. 2/6/13, at 5-24; Written Guilty Plea Colloquy, 4/27/16, at 2-11.

Importantly, during the oral colloquy, Appellant indicated that he was satisfied with counsel's representation. Id. at 7. Appellant acknowledged that he had decided to exchange his rights in exchange for a favorable sentence of 7 to 15 years of incarceration for a rape of a child charge where the victim unequivocally identified Appellant as the perpetrator. Id. Appellant stated that he understood the ramifications of pleading guilty and that he was entering his plea on his own volition. Id. He cannot now contradict these statements.

By arguing that plea counsel's ineffectiveness forced him into pleading guilty, Appellant implies that his responses to the plea colloquies were untruthful. A defendant who elects to plead guilty, however, "is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Commonwealth v. Turetsky, 925 A.2d 876, 881 (Pa. Super. 2007) (quotations and citations omitted). "A criminal

defendant who elects to plead guilty has a duty to answer questions truthfully." Id. Accordingly, because the record supports the PCRA court's determination that Appellant's guilty plea was knowing, voluntary, and intelligent, we conclude that the PCRA court did not err in dismissing Appellant's claims.

Next, Appellant argues that the PCRA court erred in dismissing his case without a hearing. This Court has explained:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

Commonwealth v. Walls, 993 A.2d 289, 295 (Pa. Super. 2010) (internal citations and brackets omitted). If the PCRA court "can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing." Commonwealth v. Jones, 942 A.2d 903, 906 (Pa. Super. 2008).

Here, Appellant argues that an evidentiary hearing was necessary for him to present evidence proving his claim that his guilty plea was not knowing, voluntary, and intelligent. As discussed above, the evidence Appellant would have presented in support of this claim would have been testimony that

directly contradicted the statements he made during his guilty plea colloquy. This is not an avenue for relief. There were no genuine issues of material fact in controversy and no purpose would have been served by holding a hearing. Accordingly, the PCRA court did not err in denying Appellant's petition without a hearing.

For his fifth issue, Appellant baldly asserts that he "was a victim of prosecutorial misconduct." Appellant's Brief at 12. Appellant, however, has failed to provide any legal argument on this issue beyond a citation pertaining to the standard of review for the denial of a PCRA petition. Id. at 13. It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. See Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority); see also Commonwealth v. Genovese, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority").

In Commonwealth v. B.D.G., 959 A.2d 362 (Pa. Super. 2008), a panel of this Court offered the following relevant observation regarding the proper formation of the argument portion of an appellate brief:

> In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do

- 8 -

so places the Court in the conflicting roles of advocate and neutral arbiter. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

Id. at 371-72 (internal citations omitted). Thus, failure to cite case law or other legal authority in support of an argument results in waiver of the claim.

Instantly, Appellant's argument pertaining to this issue contains no citations to relevant legal authority beyond the cursory legal citation at the end of his argument. Appellant's Brief at 13. Rather, the argument portion of Appellant's brief consists of broad statements and allegations but no analysis with relevant law. This failure to develop a legal argument precludes appellate review. We conclude that this issue is waived.

In his final claim, Appellant contends that the PCRA court erred "since Appellant's sentence was illegal since the sentencing court lacked constitutional or statutory power to imposed [sic] it, and therefore the trial court had no jurisdiction to impose [the] sentence." Appellant's Brief at 14. Appellant essentially argues that, although the trial court did not impose a statutory maximum sentence upon him, "Appellant felt that [his prison sentence of 7 to 15 years for rape of a child] was certainly excessive." Id.

Appellant attempts to couch his challenge to the discretionary aspects of his sentence as a legality of sentence issue. It is settled that the PCRA does not provide an appellant relief for discretionary aspects of sentence claims. See Commonwealth v. Fowler, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable

under the PCRA.") (citations omitted), appeal denied, 944 A.2d 756 (Pa. 2008); see also Commonwealth v. Jordan, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of the PCRA."); see also 42 Pa.C.S.A. § 9543(a)(2).  Therefore, Appellant's claim does not merit relief because it is not cognizable under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2018