675 A.2d 331

**COMMONWEALTH of Pennsylvania**

v.

**Frank R. GENOVESE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 29, 1996.

Filed April 18, 1996.

---

Daniel J. Brabender, Jr., Erie, for appellant.

Matt Hayes, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus and SAYLOR and EAKIN, JJ.

CIRILLO, President Judge Emeritus:

Frank Genovese appeals from the judgment of sentence entered following the trial court's order denying his motion to modify or reconsider the sentence requiring him to pay restitution of $192.92 for damage to the victim's car following his

conviction of the summary offense of careless driving. We affirm.

Genovese, while driving at an excessive rate of speed through the parking lot of Wegman's grocery in Millcreek Township, cut through the handicapped parking space so as to avoid driving around the established island and stopping at the stop sign located in the lot. Proceeding through the space, Genovese nearly collided with the vehicle driven by the victim, Gary Virostek, who was backing out of his parking space. Genovese stopped, got out of his car, and ran toward Virostek shouting obscenities. Subsequently, Genovese got back into his car, put it in reverse, and backed his car into the left front fender of Virostek's vehicle, which was stationary at the time. The township police arrived and cited Genovese with careless driving on private property in violation of a Millcreek Township ordinance. 75 Pa.C.S.A. § 3714; Millcreek Township Ordinance No. 80–20[1] (amended 1992, for the purpose of enforcing 75 Pa.C.S.A. § 3714 on private property).

A trial *de novo* was held before the Honorable Stephanie Domitrovitch, who, after a hearing, found Genovese guilty of violating the ordinance. The trial court sentenced Genovese to pay a fine of $25.00, and further ordered him to pay restitution to the victim in the amount of $192.92 for the damage to the car. Following the denial of his motion to modify or reconsider the sentence, Genovese filed this appeal asking us to consider:

1. Whether the trial court abused its discretion by ordering the appellant to pay restitution as part of a sentence following a conviction for careless driving, a traffic offense under the Vehicle Code?

2. Whether the appellant has been denied due process by which to litigate the civil action concerning damages in this case?

■ Genovese argues that the trial court abused its discretion by ordering him to pay restitution as part of a sentence

---

**1.** Local municipalities may enact summary offense traffic ordinances not otherwise covered under the Vehicle Code. 75 Pa.C.S.A. §§ 6102(b) and 6109.

for a violation of the Motor Vehicle Code, and that the order of restitution violates his right to due process because it thwarts his opportunity to litigate a civil action regarding damages.

Initially, we note that Genovese does not claim that the damage to the victim's car was not caused by his actions, or that the amount awarded was improper. The crux of his argument is that restitution is a creature of statute and, therefore, the trial court is powerless to order a defendant to make restitution without an express legislative direction. Genovese interprets 18 Pa.C.S.A. § 1106 of the Crimes Code[2] and 75 Pa.C.S.A. § 6502(c) of the Motor Vehicles Code (regarding the inapplicability of the Crimes Code) to assert that the legislature clearly intended that restitution is only applicable for crimes committed under Title 18 (the Crimes Code) and not for convictions under Title 75 (the Vehicle Code). We disagree with both his interpretation and his conclusion.[3]

In 1978, the legislature amended Section 1106 and added the words "or by a district justice" to the definition of "crime" as used in the section. 18 Pa.C.S.A. § 1106(h). The additional language makes it clear that restitution may be ordered for *any offense punishable by a district justice. See supra* at n. 2. Summary offenses, including those under the Vehicle Code are punishable by a district justice, *see* 42 Pa.C.S.A. § 1515 (district justice has jurisdiction over all summary offenses),

**2.** Section 1106 states in pertinent part:
 **§ 1106. Restitution for injuries to person or property.**
 (a) **General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime ... the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.
 (h) **Definitions.**—As used in this section the following words shall have the meanings given to them in this subsection:
 *"Crime."*—Any *offense punishable* under this title or *by a district justice.*
 18 Pa.C.S.A. § 1106 (emphasis added).

**3.** This court previously rejected the same argument. *See Commonwealth v. Fuqua,* 267 Pa.Super. 504, 510 n. 10, 407 A.2d 24, 27 n. 10 (1979) (restitution is appropriate sentence in cases involving violation of Motor Vehicle Code).

and a district justice can order restitution up to the undisputed dollar amount of the property loss so long as it is less than the jurisdictional amount stated in 42 Pa.C.S.A. § 1515(a)(3) (the jurisdictional limit for district justices is currently $8,000). 18 Pa.C.S.A. § 1106(d). Restitution for property damage resulting from summary motor vehicle violations, therefore, is not excluded under this section and may be ordered following conviction of the offense in an appropriate case.

■ Genovese also argues that restitution is penal in nature and section 6502(c) of the Vehicle Code specifically states that the Crimes Code is not applicable to "penalties" for convictions for summary offenses. Appellant, however, seeks to expand the scope of this section. The actual language of section 6502(c) provides as follows:

(c) **Title 18 inapplicable.**—Title 18 (relating to crimes and offenses), insofar as it relates to *fines and imprisonment* for convictions of summary offenses, is not applicable to this title.

75 Pa.C.S.A. § 6502(c) (emphasis added).

■ Restitution, however, is not a fine, but is an "equitable remedy under which a person is restored to his or her original position prior to loss or injury; [it is the] restoration of anything to its rightful owner [or] the act of making good or giving equivalent for any loss, damage or injury." BLACK'S LAW DICTIONARY 1313 (6th ed. 1990). Restitution, by definition, as it relates to property damage, can be made by either the return of the original property or the payment of money necessary to replace, or to repair the damage to, the property. Although restitution is penal in nature, it is "highly favored in the law" and is encouraged "so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way." *Commonwealth v. Harner*, 533 Pa. 14, 22, 617 A.2d 702, 706–07 (1992). *See also Fuqua, supra* (the primary goal in sentencing a defendant to pay restitution is rehabilitation).

■ A fine, on the other hand, is solely a pecuniary punishment which is imposed as a penalty. BLACK'S LAW DIC-

TIONARY 632 (6th ed. 1990). In Pennsylvania, however, before a fine can be imposed, the court must consider what effect the fine will have on the defendant's "ability to make restitution or reparations." Pa.R.Crim.P. 1407(c). Thus, since restitution is neither a fine[4] nor imprisonment, this argument must fail.

Our supreme court recently construed 18 Pa.C.S.A. § 1106, stating:

> We believe that this statute is clear on its face and applies only for crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which the defendant is held criminally accountable.

*Harner,* at 21–22, 617 A.2d at 706.

Instantly, Genovese was convicted of careless driving, an offense which occurs when a person "drives a vehicle in careless disregard for the safety of persons or property." 75 Pa.C.S.A. § 3714; Millcreek Township Ordinance No. 80–20. Genovese's act of backing into the victim's car following the altercation is evidence of a careless disregard of the safety of property and the victim's damages of $192.92 arose directly from this conduct.

In conclusion, the Vehicle Code violation of careless driving is *an offense punishable by a district justice,* 18 Pa.C.S.A. § 1106(h), restitution is *not a fine or imprisonment* which would make Title 18 inapplicable, 75 Pa.C.S.A. § 6502(c), and Genovese's conduct leading to the conviction was the direct cause of the property damage. *Harner, supra.* Additionally, ordering restitution for this summary offense would emphasize the danger to persons and property that driving erratically through crowded parking lots encompasses. *Id.* We find, therefore, that restitution is appropriate in this case.

 Lastly, Genovese claims that he has been denied due process by which to litigate a civil action concerning the

4. Following conviction for a summary offense, the fine which may be imposed is $300.00, unless a different amount is indicated for the specific offense. 18 Pa.C.S.A. § 1101(6).

damages and which would involve issues such as comparative negligence, etc. We need not reach the merits of this claim, however, since Genovese's argument consists only of a bald assertion unsupported by any citation to authority. The argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority. Pa.R.A.P. 2119(a). *See Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378 (1995). When the appellant fails to adequately develop his argument, meaningful appellate review is not possible. This court will not act as new counsel, *Lakatosh, supra,* and we will not consider this issue further. *See also Commonwealth v. Maris,* 427 Pa.Super. 566, 629 A.2d 1014 (1993); *Commonwealth v. Rodgers,* 413 Pa.Super. 498, 605 A.2d 1228 (1992), *appeal denied,* 532 Pa. 655, 615 A.2d 1311. We note, however, that the award of restitution does not affect appellant's right to defend in a civil action. *See* 18 Pa.C.S.A. § 1106(g); *see also Fuqua, supra* (an order of restitution, although it will reduce the amount of damages recoverable in a civil action arising from the incident, is not an award of damages).

Judgment of sentence affirmed.