J-S52027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMALI A. MCKAY | |
| Appellant | No. 221 WDA 2015 |

Appeal from the Judgment of Sentence January 30, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002739-2013

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 15, 2015**

Appellant, Omali A. McKay, appeals from the judgment of sentence entered on January 30, 2015, following his jury convictions for two counts of aggravated indecent assault of a child and one count each of criminal solicitation - involuntary deviate sexual intercourse (IDSI) by forcible compulsion, indecent assault of a complainant less than 13 years of age, and indecent exposure.[1]  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  The Commonwealth filed the aforementioned charges against Appellant as the result of several incidents of sexual misconduct committed against the five-year-old niece of his girlfriend.  The trial court held a three-

---

[1]  18 Pa.C.S.A. §§ 3125(b), 902(a), 3126(a)(7), and 3127(a), respectively.

day jury trial commencing on June 3, 2014. At trial, the then eight year-old victim testified to a number of instances wherein Appellant digitally penetrated her vagina. The victim also recalled an incident wherein Appellant exposed himself to her, digitally penetrated her, and told her to open her mouth. On that occasion, the victim stated that she closed her mouth immediately, because she feared Appellant would insert his penis into it. Thereafter, the victim testified that Appellant ejaculated on a bed. Moreover, based on pretrial argument, the trial court allowed evidence of Appellant's prior bad acts under Pa.R.E. 404(b). Specifically, the trial court allowed the victim's mother to testify that she feared Appellant in order to explain her failure to report the incidents to police promptly.

At the conclusion of the trial, the jury convicted Appellant of the aforementioned crimes. On August 28, 2014, the trial court sentenced Appellant to concurrent terms of 10 to 20 years of incarceration for the two counts of aggravated assault, plus a consecutive term of five to 10 years of incarceration for criminal solicitation. The trial court imposed no further sentence on the remaining convictions. Accordingly, Appellant received an aggregate term of 15 to 30 years of incarceration. On September 5, 2014, Appellant filed a post-sentence motion. He filed an amended post-sentence motion on September 19, 2014. Following a hearing, the trial court denied

relief by order, and accompanying opinion, dated January 30, 2015. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

I.     Whether the Commonwealth's evidence was against the weight of the evidence as to the count of criminal solicitation – involuntary deviate sexual intercourse (IDSI) forcible compulsion[?]

II.    Whether the evidence presented at trial was sufficient to prove Appellant guilty as to the crime of criminal solicitation – IDSI forcible compulsion[?]

III.   Whether the trial judge erred by abusing his discretion in allowing testimony of [] Appellant's prior bad acts[?]

IV.    Whether the trial judge erred by abusing his discretion in allowing testimony of the alleged victim who was not capable to perceive events accurately or express herself[?]

Appellant's Brief at vii (complete capitalization omitted).

Initially, we note that Appellant did not cite any legal authority for issues I, III, and IV as presented on appeal. We find those issues waived for the following reasons:

_____

[2] Appellant filed a notice of appeal on February 5, 2015. That same day, the trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal. Appellant complied timely on February 24, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 3, 2015, relying upon its January 30, 2015 opinion.

It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a). *See Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority").

In *Commonwealth v. B.D.G.*, 959 A.2d 362, 371–372 (Pa. Super. 2008), a panel of this Court offered the following relevant observation regarding the proper formation of the argument portion of an appellate brief:

> In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). To do so places the Court in the conflicting roles of advocate and neutral arbiter. *Id.* When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived. *Commonwealth v. Luktisch*, 680 A.2d 877, 879 (Pa. Super. 1996).

*Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012).

Accordingly, we are constrained to find Appellant's issues I, III, and IV waived.[3]

In his second issue presented, Appellant contends the Commonwealth failed to present sufficient evidence at trial to convict him of criminal

---

[3] In fact, Appellant cites only one legal decision in his entire brief that sets forth the standard of review for his second issue presented. Despite the limited argument, we shall address that issue since Appellant provided some authority and we are able to decipher the claim presented.

solicitation - IDSI by forcible compulsion. Appellant's Brief at 5. He argues the Commonwealth failed to prove "he commanded, encouraged or requested [the victim], by making verbal and/or nonverbal command, to perform oral sexual intercourse upon him[.]" *Id.* Appellant contends the victim "testified that when [A]ppellant walked into the room he did not say anything, he laid on the floor and he did not touch her." *Id.*

The following standard governs our review of a challenge to the sufficiency of the evidence:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rahman*, 75 A.3d 497, 500–501 (Pa. Super. 2013).

"A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime[.]" 18 Pa.C.S.A. § 902.

"A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant [] by forcible compulsion[.]" 18 Pa.C.S.A. § 3123(a). Section 3101 defines the terms deviate sexual intercourse and forcible compulsion, in pertinent part, as follows:

> **"Deviate sexual intercourse."** Sexual intercourse per os or per anus between human beings [].
>
> **"Forcible compulsion."** Compulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied.

18 Pa.C.S.A. § 3101. Accordingly, "[t]he crime of involuntary deviate sexual intercourse occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse." ***Commonwealth v. Zingarelli***, 839 A.2d 1064, 1070 (Pa. Super. 2003).

Here, the trial court concluded:

> The victim testified that [Appellant] walked out of the bathroom, dropped a towel from around his waist, exposed his penis, and told her to open her mouth. She opened her mouth, then clamped it shut; and [Appellant] then ejaculated. This is sufficient evidence to support a finding that [Appellant] solicited the victim to engage in oral sexual intercourse.

Trial Court Opinion, 1/30/2015, at 3.

We agree. Viewing the evidence in the light most favorable to the Commonwealth, as our standard requires, the following testimony was adduced at trial. The victim testified that while she was asleep in her aunt's

bedroom, Appellant came out of the bathroom, dropped his towel and told the victim to open her mouth. N.T., 6/3/2014, at 171-172. When asked what she did in response, the victim physically "opened her mouth wide and then closed it[,] clicking her teeth." *Id.* at 173-174. The victim further stated, "[a]fter he asked [her] to open [her] mouth," Appellant "peed on the bed." *Id.* 174-175. The "pee" came out of Appellant's "private." *Id.* at 192. She described the "pee" as looking like "soda," more specifically, like "Sprite." *Id.* at 175. As a result, there was a wet spot on the bed. *Id.* at 187. The victim's mother testified similarly that, immediately following this incident, the victim told her:

> [The victim] was asleep in the bedroom and that [Appellant] came in and woke her up and he had just a towel on and she said he exposed himself to her and that he put his finger in her private and rubbed back and forth real hard. And she also said that he told her to open her mouth, but then she closed it immediately, and she said that she closed it because she knew that he was trying to put his pee pee in her mouth.

*Id.* at 133.

Based upon the foregoing, we conclude that the evidence was sufficient to permit the jury to infer Appellant intended to promote or facilitate the victim's engagement in the act of oral intercourse by commanding, encouraging, or requesting her to open her mouth while exposing himself and subsequently ejaculating. Accordingly, Appellant's second claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/15/2015</u>