J-S22031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS D. TYSON, SR., | |
| Appellant | No. 1697 MDA 2016 |

Appeal from the Judgment of Sentence August 2, 2016
in the Court of Common Pleas of Union County
Criminal Division at No.: CP-60-CR-0000255-2015

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 16, 2017**

Appellant, Thomas D. Tyson, Sr., appeals from the judgment of sentence imposed following his jury conviction of aggravated indecent assault of a person less than thirteen years of age and indecent assault of a person less than thirteen years of age.[1]  We affirm.

The trial court set forth the relevant background of this case as follows in its November 15, 2016 opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).  **See** Pa.R.A.P. 1925(a).

> On October 7, 2015[,] the Commonwealth filed an information charging [Appellant] with aggravated indecent assault of a child less than thirteen (13) years of age, a felony of the second degree and indecent assault of a person less than

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(7) and 3126(a)(7), respectively.

thirteen (13) years of age, a misdemeanor of the first degree. [Appellant] pled not guilty and the matter was scheduled for trial on March 17, 2016. The allegations stem from an incident that occurred on September 13—September 14, 2014 in Kelly Township, Union County. The Commonwealth alleged that [Appellant] was at his home with his son and granddaughter, [S.T.]. [S.T.] was five (5) years of age at the time.

The testimony revealed that [Appellant] and his son were outside at [Appellant's] residence consuming beer and listening to a football game. At some point during the evening [Appellant's] son went into the house and fell asleep in a chair in the living room. [S.T.], the victim in this matter, fell asleep on a loveseat/couch in the same living room.

The Commonwealth alleged that at some point in the evening [Appellant] came into the house and sat down on the couch next to [S.T.].

While on the couch [Appellant] licked his finger and fondled and penetrated [S.T.'s] vagina.

At trial, the jury convicted [Appellant] of both counts.

After the preparation of a pre-sentence investigation and an evaluation by the Pennsylvania Sexual Offender Assessment Board [Appellant] was sentenced on August 2, 2016 to a period of incarceration on the aggravated indecent assault to three (3) years to ten (10) years and a concurrent five (5) year probation on the indecent assault charge.

[Following the court's denial of his timely post-sentence motion, Appellant] filed a [timely] notice of appeal on October 13, 2016 and, pursuant to [the] court's order, filed [a] statement of matters complained of on appeal on November 8, 2016. [*See* Pa.R.A.P. 1925(b).]

(Trial Court Opinion, 11/15/16, at 1-2) (some capitalization omitted).

Appellant raises the following issues for our review:

1. Did error occur when Appellant was convicted despite the jury indicating they had reasonable doubt?

2. Did error occur when Appellant was convicted despite the fact that the verdict was against the weight of the evidence, as the jury had reasonable doubt?

3. Did error occur in jury instructions regarding testimony of the alleged victim?

(Appellant's Brief, at 8).

Appellant first challenges the sufficiency of the evidence supporting his conviction, arguing that the evidence, at best, "encompassed two of the three elements of aggravated indecent assault and one of the two elements of indecent assault." (Appellant's Brief, at 12; *see id.* at 11) (capitalization omitted). This issue is waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, in pertinent part: "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Further,

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Freeman***, 128 A.3d 1231, 1248 (Pa. Super. 2015) (citations and quotation marks omitted).

Here, in his Rule 1925(b) statement, Appellant did not identify which elements he was challenging, did not specify for which crime, nor did he even use the term "sufficiency." (**See** Appellant's Rule 1925(b) Statement,

11/08/16, at ¶ 1). Instead, he appears to have conflated his sufficiency claim with his jury instruction challenge, stating: "[Appellant] respectfully submits that error occurred when [he] was convicted despite the jury indicating they had reasonable doubt." (*Id.*); (*see also* Appellant's Brief, at 11).[2] The trial court therefore did not address the subject of the sufficiency of the evidence in its opinion. (*See* Trial Ct. Op., at 3-5). Thus, Appellant has waived his challenge to the sufficiency of the evidence. *See* Pa.R.A.P. 1925(b)(4)(vii); *Freeman*, *supra* at 1248.

Appellant next challenges the weight of the evidence supporting his conviction.[3] (*See* Appellant's Brief, at 12-13). This issue is also waived.

> . . . It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a). *See Commonwealth v. Genovese*, 450 Pa. Super. 105, 675 A.2d 331, 334 (1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority").

> \* \* \*

> . . . This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an

---

[2] We note that we address Appellant's jury instruction claim as presented in his third issue, *infra*.

[3] Appellant preserved his weight claim by raising it in his post-sentence motion. *See* Pa.R.Crim.P. 607(A)(3).

appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

***Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013) (some case citations omitted).

In the instant case, in his four-sentence argument on this issue, Appellant improperly incorporates his sufficiency discussion by reference, while incongruously recognizing the separate nature of the issues and "the inherent contradiction between sufficiency and weight arguments[.]" (Appellant's Brief, at 12). Save a single bare reference to the standard of review for weight claims, he fails to provide this Court with any discussion of legal authority pertinent to his claim, nor does he provide any citation to the certified record. ***See*** Pa.R.A.P. 2119(c) (requiring references to record in argument). This lack of analysis precludes meaningful appellate review. Thus, Appellant's second issue is waived. ***See Knox***, ***supra*** at 748.

Finally, Appellant contends that the trial court erred by issuing an inaccurate and inadequate jury instruction regarding the victim's testimony during jury deliberations. (***See*** Appellant's Brief, at 13). This issue is also waived, for his failure to object to the challenged instruction.

"In order to preserve a claim that a jury instruction was erroneously given, the Appellant must have objected to the charge at trial." ***Commonwealth v. Parker***, 104 A.3d 17, 29 (Pa. Super. 2014), *appeal denied*, 117 A.3d 296 (Pa. 2015) (citations omitted). "The pertinent rules . . . require a specific objection to the charge or an exception to the trial court's

ruling on a proposed point to preserve an issue involving a jury instruction." *Id.* (citations omitted).

Here, the record reflects that, during jury deliberations, the trial court received a question from the jury, stating: "There is reasonable doubt over the evidence, but we believe the child's testimony. Which conclusion weighs more?" (N.T. Trial, 3/17/16, at 174). The court conducted an on-the-record discussion with counsel, out of the presence of the jury, advising that it would re-read the portions of its initial charge pertinent to the jury's question. (*See id.* at 174-75; *see also* Trial Ct. Op., at 3-5). The court then reviewed the instruction with counsel and asked for their thoughts, and both attorneys agreed that it "sound[ed] fair[.]" (N.T. Trial, 3/17/16, at 175). The court proceeded to instruct the jury as proposed, without any objection from counsel. (*See id.* at 175-77). Thus, because Appellant assented to the instruction, his claim seeking to challenge it on appeal is waived. *See Parker*, *supra* at 29. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017