J-S69040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE MATTHEW REASNER | : | |
| | : | |
| Appellant | : | No. 464 MDA 2018 |

Appeal from the Judgment of Sentence November 14, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0003340-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 26, 2018**

Shane Matthew Reasner (Appellant) appeals from the judgment of sentence imposed after he pled guilty to theft by unlawful taking.[1]  Appellant claims that the amount of restitution is excessive.  Upon review, we affirm.

Appellant was charged with stealing two bicycles – one on June 30, 2015, and one on July 1, 2015 – from the yard of Krista Greene (victim).  The affidavit of probable cause attached to the police criminal complaint described the two bicycles as a Specialized Hot Rock, valued at $100, and a Schwinn, valued at $75.  Affidavit of Probable Cause, 10/6/15.

On October 18, 2017, Appellant entered a guilty plea to one count of theft by unlawful taking.  That same day, the victim provided the following

---

[1] 18 Pa.C.S.A. § 3921(a).

description of the bicycles:

> 24" Mongoose Ravage mountain bike, lime green, 21-speed. Approximate value $150.
>
> Schwinn QGF01-01 Road Touring bike, red, 26", 24-speed with Shimano deraler system. This is a vintage bike and is currently selling for $750 on eBay and other vintage bike web sites.

Commonwealth's Exhibit 1 (Email from victim, 10/18/17), Post-Sentence Hearing Exhibits, 2/13/18. With regard to the first bicycle, the victim attached a listing for a similar Mongoose Ravage bicycle from the Toys-R-Us website, priced at $149.99; for the second bicycle, the victim attached a copy of an online eBay listing for a used Schwinn bicycle of the same model number, priced at $649.00. Appellant's written plea colloquy stated a restitution amount of $900, with the notation: "Defense will contest by filing post-sentence motion." Plea, 10/18/17.

On November 14, 2017, the trial court sentenced Appellant to two years of probation.[2] With respect to restitution, Appellant argued that the Commonwealth's request for $750 for the Schwinn bicycle was excessive, where: (1) three local bicycle shops had provided estimates to the investigating police officer that the bicycle was worth $75 to $100;[3] and (2)

---

[2] At the same hearing, the trial court also sentenced Appellant in two unrelated criminal cases.

[3] On appeal, Appellant references the same evidence, citing a "supplemental narrative" to the Upper Allen Township Police Incident Report. Appellant's Brief at 19 n.24. We note, however, that this "supplemental narrative" is not part of the certified record.

an eBay listing was not reliable for determining the fair retail value of an item. N.T., 11/14/17, at 3-4. The Commonwealth responded that the court should impose the $750 amount as requested by the victim, "[n]otwithstanding [Appellant's] ability to file a motion to contest the amount." *Id.* at 4. The trial court agreed, *id.* at 5 ("We need a hearing."), and imposed restitution of $900.

Appellant filed a timely post-sentence motion challenging the amount of restitution. The trial court conducted a hearing on February 13, 2018, at which the victim and Appellant both testified. The victim stated that both of the bicycles had just been tuned up, "were in perfect working condition," and had been placed along her driveway approximately 40 feet from the road. N.T., 2/13/18, at 5, 9. The smaller bicycle was 6 to 7 years old and was used by the victim's daughter. *Id.* at 8-9. The victim stated that the Schwinn bicycle was approximately 15 years old and had a "24-gear Shimano gear," which "had 3 more speeds" than the usual 21 gears and was no longer manufactured. *Id.* at 9-10. The victim thus described the bicycle as a "collectible." *Id.* at 5. On cross-examination, the victim testified that she did not obtain estimates from local bicycle shops "[b]ecause of the time [involved]" and because she was "frustrated [by] the whole situation." *Id.* at 11. She stated that "[i]t would have been just as difficult for [bicycle shops] to look it up through their resources than for [her] to do it on [her] own." *Id.* at 12. The victim also testified that the Schwinn bicycle had a water bottle

holder, water bottle, custom contour seat, and Promax brakes, but — unlike the bicycle in the eBay listing — did not have a front or rear basket, cargo pack, insulated cooler, front halogen or rear electric lights, or a lock cable. *Id.* at 12-13.

Appellant denied that the bicycles were located 40 feet from the road, and testified instead that they were "right by the road" next to two trash cans. N.T., 2/13/18, at 17. Appellant stated that at approximately 7:00 or 8:00 p.m., while it was "still very light out," he walked by the victim's house, still "had a long walk to go," "saw [the] two bikes and thought, why not." *Id.* He saw that one bicycle was missing a seat and rode the other one away. *Id.* at 17. However, according to Appellant, the chain repeatedly popped off, requiring him to fix it. *Id.* at 18. At 3:00 or 4:00 a.m. the next morning, he took the second bicycle from the victim's yard. *Id.* Appellant testified that because it did not have a seat, he rode it standing up. *Id.* Appellant stated that he left one bicycle in the woods and could not remember what he did with the other bicycle. *Id.* at 19.

In closing, Appellant argued that the $650 estimate for the Schwinn bicycle was excessive, and that the eBay listing should not be given much weight, where that bicycle had $1,400 worth of accessories that the victim's bicycle did not have. Appellant reiterated that in any event, an eBay listing was not a reliable source for the value of any item, and asserted that $300 to $400 was an appropriate restitution amount for the Schwinn bicycle. The

Commonwealth responded that the victim credibly testified that it would cost her $650 to replace the stolen Schwinn, which had a special gear system. N.T., 2/13/18, at 22-23.

The court found the victim to be "entirely credible," and found Appellant's "explanation of his disposition of the stolen property, the recovery of which would have obviated the need for a calculation of the amount of restitution," to lack credibility. **See** Trial Court Opinion, 4/11/18, at 5 (footnote omitted). Nevertheless, the court granted Appellant's post-sentence motion to the extent it reduced the amount of restitution to $800.

Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement.[4] Appellant presents a single issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN ORDERING RESTITUTION FOR WHICH THE AMOUNT WAS SUPPORTED ON THE RECORD BY A COMBINATION OF EBAY AND A TOYS-R-US WEBSITE LISTINGS, NEITHER BEING AN APPROPRIATE NOR ACCURATE MEASURE OF THE VALUE OF THE TWO BICYCLES AT ISSUE, THE AMOUNT OF RESTITUTION THUS BEING SPECULATIVE AND EXCESSIVE?

Appellant's Brief at 7.

Appellant avers that the trial court abused its discretion in imposing an excessive amount of restitution. He contends that the victim misrepresented

---

[4] This Court initially dismissed the appeal for Appellant's failure to file a brief, but then granted Appellant's application to reinstate the appeal. **See** Superior Court Order, 7/25/18; Superior Court Order, 8/2/18.

the type, age, and condition of the stolen bicycles. In support, he points out that with respect to the smaller bicycle, the description at the time of the theft (a Specialized Hot Rock) differed from the victim's description at the plea and post-sentence hearings (a Mongoose Ravage Mountain bicycle). He also emphasizes that the Toys-R-Us listing presented by the victim was for a new bicycle, whereas the stolen bicycle was approximately 8 years old. With regard to the larger Schwinn bicycle, Appellant relies on the bicycle shop estimates of $75 to $100 allegedly provided to the investigating police officer. Appellant also maintains that the victim researched the value of her stolen bicycles "with barest minimal effort" and admitted that she did not know whether the seller from the eBay listing was a bicycle dealer or an individual. Appellant's Brief at 23. Appellant cites an unreported Superior Court decision, **Commonwealth v. Bidek**, 1029 WDA 2011 (unpublished memorandum) (Pa. Super. Feb. 22, 2013), for the proposition that "one cannot simply compare a seller on eBay to a reputable . . . dealer." **Id.** at 22. Finally, Appellant reiterates that the bicycle listed on eBay had accessories that the victim's bicycle did not have.

This Court has stated:

In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

*Commonwealth v. Atanasio*, 997 A.2d 1181, 1182-1183 (Pa. Super. 2010) (quotation marks and citations omitted); *see also Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013) ("[Q]uestions implicating the trial court's power to impose restitution concern the legality of the sentence."). *But see Commonwealth v. Pappas*, 845 A.2d 829, 842 (Pa. Super. 2004) ("[A] substantial question is raised when an appellant argues that sentence of restitution is not supported by the record.").

This Court has also explained:

> Restitution . . . is not a fine, but is an "equitable remedy under which a person is restored to his or her original position prior to loss or injury; [it is the] restoration of anything to its rightful owner [or] the act of making good or giving equivalent for any loss, damage or injury." BLACK'S LAW DICTIONARY 1313 (6th ed. 1990). Restitution, by definition, as it relates to property damage, can be made by either the return of the original property or the **payment of money necessary to replace**, or to repair, the damage to the property.

*Commonwealth v. Genovese*, 675 A.2d 331, 333 (Pa. Super. 1996) (emphasis added).

Instantly, Appellant's restitution issue goes to the weight of the evidence:

> [I]t is well settled that the Court cannot substitute its judgment for that of the trier of fact. Further, the finder of fact was free to believe the testimony of certain of the Commonwealth's witnesses and to disbelieve the testimony of another. "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony."

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (citations

omitted). Appellant's arguments as to the amount of restitution were heard and rejected by the trial court. Furthermore, Appellant disregards that the trial court credited the victim's testimony, including her testimony that her bicycle had a desirable gear system that was no longer manufactured. ***See Trial Court Opinion***, 4/11/18, at 2, 5; N.T. 2/13/18, at 10. Appellant's argument on appeal would require this Court to disregard the trial court's credibility findings and reweigh the evidence in his favor. This is not our function. Finally, we are not persuaded by Appellant's reliance on an unpublished decision of this Court. ***See Commonwealth v. Houck***, 102 A.3d 443, 454 n.3 (Pa. Super. 2014) ("[U]npublished memorandum decisions of this Court lack precedential value beyond law of case as to parties directly involved."). We emphasize that in this case, the trial court believed the victim's testimony about the value of the bicycles, and accepted the Toys-R-Us and eBay listings as indicative of the victim's cost to replace the bicycles. ***Genovese***, 675 A.2d at 333. Accordingly, the record supports the trial court's imposition of $800 in restitution.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2018

- 8 -