J-A25023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA M. SCHAEFFER | : | |
| | : | |
| Appellant | : | No. 1038 EDA 2018 |

Appeal from the Judgment of Sentence November 30, 2017
In the Court of Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-CR-0001508-2017

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY PANELLA, J.:                    **FILED MAY 23, 2019**

Joshua M. Schaeffer appeals *pro se* from the judgment of sentence entered in the Carbon County Court of Common Pleas following his conviction for possession of drug paraphernalia.[1] Owing to the substantial defects in his brief, we dismiss the appeal.

Our resolution of this appeal renders a detailed recitation of the facts and procedural history unnecessary. Briefly, following a traffic stop, Appellant consented to a police search of his vehicle. In Appellant's backpack, the officers found marijuana, hashish oil, rolling papers, and a blue straw with white powder residue.

_____

[1] 35 P.S. § 780-113(a)(32).

Appellant waived his right to the representation of counsel. He pled guilty to possession of drug paraphernalia, and the court sentenced him to one year of probation. His timely, *pro se* appeal is now properly before us.[2]

The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

---

[2] Appellant's judgment of sentence was mistakenly listed on the docket as having been entered on November 30, 2017. Appellant's judgment of sentence was in fact entered on January 4, 2018, making his filing of a *pro se* notice of appeal on Monday, February 5, 2018, timely. **See** Pa.R.A.P. 903(a) (timely notice of appeal must be filed within thirty days); **see also** 1 Pa.C.S.A. § 1908 (when the thirtieth day of an appeal period falls on Saturday or Sunday, that day shall be omitted from the timeliness computation).

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a)(1)-(11).

"Briefs and reproduced records shall conform in all material respects with the requirements of these rules … if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. "The argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority." **Commonwealth v. Genovese**, 675 A.2d 331, 334 (Pa. Super. 1996) (citations omitted). This Court is unable to review an appellant's claims where he fails to include relevant citations to authority or legal discussion in his brief. **See Commonwealth v. Russell**, 665 A.2d 1239, 1246 (Pa. Super. 1995).

Further, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Id**. (citation omitted).

The *pro se* brief Appellant submitted to this Court substantially fails to conform to the basic requirements of appellate advocacy. Absent are the required headings, statement of jurisdiction, or scope and standard of review.

Appellant fails to present a single question for our review. His brief wholly lacks a cogent argument, much less citations to legal cases or the certified record.

The substantial defects in Appellant's brief prevent this Court from conducting any meaningful review of his claims.[3] While we are sensitive to the fact that Appellant has chosen to proceed *pro se*, we decline to become his counsel. Having been deprived of our ability to review his claims by his noncompliant brief, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/19

---

[3] From what little we are able to discern, Appellant is troubled by the Commonwealth's failure to introduce test results proving the substance discovered in Appellant's car was marijuana. *See* Appellant's Brief, at 3-4 (unpaginated). However, Appellant pled guilty to possession of drug paraphernalia, not possession of marijuana. Moreover, Appellant himself admitted culpability to this crime as part of his plea – obviating the need for the Commonwealth to provide the type of evidence that would have been necessary to convict him in a trial. *See* Guilty Plea Colloquy, filed 1/4/18, at 2.