J-S26008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENE BENCKINI | : | |
| | : | |
| Appellant | : | No. 2041 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 30, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0001470-2017

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI[*], J.

JUDGMENT ORDER BY PANELLA, P.J.:               **FILED JULY 26, 2019**

Gene Benckini appeals *pro se* from the judgment of sentence entered in the Lehigh County Court of Common Pleas. Because of substantial defects in his brief, we dismiss the appeal.

Due to our resolution of this appeal, a detailed recitation of the facts and procedural history is unnecessary. Briefly, in 2016, Benckini entered two different Walmart stores and attempted to purchase a firearm. As part of the firearm purchase, Benckini was required to complete a background check and verify that he had not been previously convicted of a felony. At each store, Benckini verified he did not have a felony conviction. Because this information was false, Benckini's request to purchase a firearm was denied. Additionally,

---

[*] Retired Senior Judge assigned to the Superior Court.

after authorities were alerted concerning these attempted purchases, Benckini was arrested and charged.

Following a jury trial, Benckini was convicted of two counts of attempting to purchase a firearm using false written statements and two counts of unsworn falsifications to authorities. The court sentenced him in the mitigated range to 1 to 2 years' imprisonment, followed by 1 year probation. This appeal follows.

Benckini's appellate brief suffers from substantial flaws. The Pennsylvania Rule of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

Rule 2111. Brief of the Appellant

(a)  **General Rule**. The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly and in the following order:

    (1)  Statement of jurisdiction.

    (2)  Order or other determination in question.

    (3)  Statement of both the scope of review and the standard of review.

    (4)  Statement of the questions involved.

    (5)  Statement of the case.

    (6)  Summary of the argument.

    (7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of sentence, if applicable.

(8)   Argument for appellant.

(9)   A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a)(1)-(11).

"Briefs and reproduced records shall conform in all material respects with the requirements of these rules … if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. "The argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority." *Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (citations omitted). This Court is unable to review an appellant's claims where he fails to include relevant citations to authority or legal discussion in his brief. *See Commonwealth v. Russell*, 665 A.2d 1239, 1246 (Pa. Super. 1995).

Further, "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). "To the contrary, any person choosing to represent himself

- 3 -

in a legal proceeding must, to a reasonable extent, assume his lack of expertise and legal training will be his undoing." ***Id***. (citation omitted).

Here, Benckini's brief substantially fails to conform to the basic requirements of appellate advocacy. Benckini fails to include the required headings, statements of jurisdiction, scope or standard of review, or any questions for our review. His brief wholly lacks a cogent argument, much less citations to legal cases or the certified record.

These substantial defects in Benckini's brief prevent this Court from conducting any meaningful review of his claims. While we are sensitive to the fact that Benckini has chosen to proceed *pro se*, we decline to become his counsel. As his noncompliant brief deprives us of the ability to review his claim, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/19

- 4 -