J-S54038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK SEISIRO SOLOMON | : | |
| | : | |
| Appellant | : | No. 1407 MDA 2018 |

Appeal from the Order Entered July 23, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001122-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

DISSENTING MEMORANDUM BY BOWES, J.:    **FILED FEBRUARY 25, 2020**

The learned Majority correctly notes that we review issues concerning the amount of restitution for an abuse of discretion.  ***See*** Majority Memorandum at 5.  ***See also Commonwealth v. Muhammed***, 219 A.3d 1207, 1215 (Pa.Super. 2019) (explaining that the discretionary aspects of sentencing are implicated by a challenge to the amount of restitution ordered). Accordingly, to obtain relief from this Court, Appellant is required to "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017).  As I believe that the record manifests no such abuse of discretion on the part of the trial court in ordering restitution in the amount of $86,974.93, I respectfully dissent.

Black's Law Dictionary defines the term restitution in relevant part as follows.

> **restitution** . . . **3.** Return or restoration of some specific thing to its rightful owner or status. **4.** Compensation for loss; esp., full or partial compensation paid by a criminal to a victim, not awarded in a civil trial for tort, but ordered as part of a criminal sentence or as a condition of probation. — Also termed *criminal restitution*.

RESTITUTION, Black's Law Dictionary (11th ed. 2019) (internal citations omitted). While the dictionary refers to full or partial compensation, our Legislature has provided that, when the property of a victim has been unlawfully obtained, the sentencing court must order "full restitution . . . so as to provide the victim with **the fullest compensation** for the loss." 18 Pa.C.S. § 1106(c)(1)(i) (emphasis added).

In computing the amount of restitution under Pennsylvania law, the sentencing court is required to "consider the extent of injury suffered by the victim and such other matters as it deems appropriate." ***Commonwealth v. Wright***, 722 A.2d 157, 159 (Pa.Super. 1998) (cleaned up). We have indicated that there is no one correct means of quantifying a victim's loss. Rather, "[r]estitution . . . can be made by either the return of the original property or the payment of money necessary to replace, or to repair the damage to, the property." ***Commonwealth v. Genovese***, 675 A.2d 331, 333 (Pa.Super. 1996).

"Because restitution is a sentence, the amount ordered must be supported by the record, and may not be speculative." ***Commonwealth v.***

***Lekka***, 210 A.3d 343, 358 (Pa.Super. 2019) (internal quotation marks omitted). We have sustained valuations, in this and other contexts, based upon the testimony of the owner of the stolen property. ***See***, ***e.g.***, ***Commonwealth v. Rush***, 909 A.2d 805, 810 (Pa.Super. 2006) (holding trial court's restitution award was supported by the record testimony from the victim as to the value of stolen scrap metal); ***Commonwealth v. Hanes***, 522 A.2d 622, 625 (Pa.Super. 1987) ("[A]n owner, by reason of his status as owner, is deemed qualified to give estimates of the value of what he owns." (internal quotation marks omitted)).

Applying our Legislature's demand for restitution to constitute **the fullest** compensation for a victim's loss, with the sentencing court being free to consider the matters it deems appropriate in determining the proper amount, I cannot agree with the Majority's position that the value of the coin collection at the time Appellant wrongfully acquired it was necessarily the proper measure.

I submit that the fullest compensation Appellant could be ordered to pay is the cost to replace the stolen coins. ***Accord Genovese***, ***supra*** at 333 (including payment replacement costs as an example of restitution). In fact, Appellant acknowledges that "[a]warding the replacement costs of the property taken makes the victim whole because it creates the opportunity to repurchase the property and restore the pre-theft state of affairs." Appellant's

brief at 15. However, Appellant conflates replacement costs with market value at the time of the theft. *See id*.

On the contrary, the record reflects that the replacement value of the whole collection at the time of the restitution hearing was substantially greater than the market value of the sum of its parts at the time it was unlawfully taken by Appellant. Yet, as the Majority aptly notes, this testimony concerning the cost to replace the victim's coin collection was less than certain. *See* Majority Memorandum at 3 n.3; *see also* N.T. Restitution Hearing, 7/23/18, at 13-14 ("I purchased [the coins] in thoughts of giving them to my grandchildren . . . . I don't have enough money to go back and pay whatever it's gonna be not, [$]150,000 perhaps, to replace these coins[.]"). Therefore, I discern no error on the part of the trial court in declining to set replacement costs as the full measure of the victim's loss. *See*, *e.g.*, *Commonwealth v. Rotola*, 173 A.3d 831, 834 (Pa.Super. 2017) ("Although an award of restitution lies within the discretion of the trial court, it should not be speculative or excessive and we must vacate a restitution order which is not supported by the record." (cleaned up)).

In electing to set the victim's acquisition costs as the full value of the victim's loss, rather than the market value at the time of the theft, the sentencing court offered a manifestly reasonable explanation:

> While current market value of an item may be an appropriate remedy for restitution concerning personal property, this case is distinct from the typical theft of personal property situation. A typical item of personal property depreciates in value over time,

as wear and tear take their toll on it. In the case of collectibles, like the coins taken from the victim, there is a longstanding recognized legitimate marketplace, where values fluctuate based upon demand and actions by other participants in that marketplace. A collector who participates in that marketplace must be strategic in their decisions to place their items into the market at the proper moment, in an attempt to maximize value.

Though the coins themselves are tangible personal property, the actions of [Appellant] are more analogous to the situation where someone steals a victim's stock portfolio and sells the stocks on a day when the market is down. Instead of the rightful owner getting to sell the stocks at their maximum value on a day of their choosing, a third party that caused them harm gets to set their deflated value and the victim must live with the injurious economic consequences of this bad actor.

A more just outcome is to award the victim what it initially cost that person to acquire the items, as that sets the real economic damage of what was taken from the bona fide owner. . . . In a situation such as this, the loss suffered by the victim to the collectibles was not only the market value of the coins on the date of the theft, but the opportunity to set the timing of the sale for a more beneficial day in the fluctuating market. The record supports the amount ordered, as the victim was very thorough in calculating the purchase price for the coins. As such, the amount of restitution the [c]ourt ordered . . . makes the victim whole, rather than making him suffer a loss artificially initiated in the down market by [Appellant]'s malfeasance, a loss the owner would not have suffered but for the [Appellant]'s untimely misconduct.

Trial Court Opinion, 4/25/19, at 3-4

Hence, the sentencing court thoughtfully considered the extent of the victim's loss in light of the atypical property involved and settled upon a non-speculative value. Moreover, the restitution amount set by the sentencing court as the fullest compensation for the victim's loss is both supported by the

- 5 -

record[1] and free from any misapplication of the law, partiality, prejudice, bias, or ill will.  Therefore, I would affirm.

---

[1] Indeed, the victim expressly testified that the value at the time of the restitution hearing was greater than when Appellant stole them.  Specifically, Appellant's counsel, in cross-examining the victim, attempted to elicit a concession that the coins would never again be worth more than $58,600.  The victim indicated that "they already are," and explained again the impact of collectability and desirability over time.  N.T. Restitution Hearing, 7/23/18, at 19.