J-E02005-20

2021 PA Super 43

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK SEISIRO SOLOMON | : | |
| | : | |
| Appellant | : | No. 1407 MDA 2018 |

Appeal from the Order Entered July 23, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001122-2018


BEFORE:  BENDER, P.J.E., BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J.,
DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

DISSENTING OPINION BY DUBOW, J.:                    **FILED MARCH 16, 2021**

It is well established that the purpose of restitution is to fully compensate a victim for the loss a defendant caused a victim. ***Commonwealth v.* Genovese**, 675 A.2d 331, 335 (Pa. Super. 1996).  In this case, Appellant stole coins from the Victim and the restitution award should reflect the value of those coins when Appellant stole them.

At the restitution hearing, the Commonwealth did not present any expert testimony about the amount at which a willing buyer and a willing seller would value the coins. Rather, the Commonwealth only presented the testimony of the Victim, who testified about the sale prices from eBay of coins that are similar to the ones that Appellant stole. Tr. Ct. Op. at 2. The Victim also testified about the purchase prices that he paid for the coins acquired over many years. ***Id***.  The trial court based the restitution amount on the

Victim's purchase prices even though the purchase prices did not reflect the value of the coins on the day Appellant stole them. The Majority agrees with the trial court's methodology of using the purchase price to determine restitution. Maj. Op. At 21.

The trial court used the purchase price because it found that the use of eBay sales did not reflect the fact that if Appellant had not stolen the coins, Appellant could have sold the coins at a more financially advantageous time and received more for the coins. Tr. Ct. Op. At 3-4. In other words, the trial court acknowledged that the use of the eBay sales for an involuntary transfer did not fully compensate the Victim because the involuntariness of the transfer deprived the Victim of selling the coins at the most financially advantageous time. The Majority Opinion echoes this concern. Majority Opinion at 20-21.

I agree with this concern.[1] I disagree, however, with using the purchase price of the coins as the appropriate methodology to determine the Victim's loss. I would instead use the methodology that courts have been using to value property in eminent domain proceedings. A theft of property and an eminent domain proceeding both involve the involuntary transfer of property on a particular day.

In an eminent domain proceeding, the court awards the property owner compensation for the involuntary loss of the property by determining the fair market value of the property on the date of the taking. The fair market value

---

[1] This is the reason I reject Appellant's position that the trial court should have determined the restitution amount to be $55,600.

includes in its calculation a price that is high enough so that it is reasonable to assume that the seller would sell on that particular day. In other words, the price that a "willing seller" would pay for the property on a particular day. The Superior Court outlined this concept as follows:

> The guiding principle of just compensation under the takings clause of the Fifth Amendment is that the owner of the condemned property "must be made whole but is not entitled to more." ***U.S. v. 564.54 Acres of Land***, 441 U.S. 506, 516, (1979) (citation omitted). In order to satisfy the need for a relatively objective rule concerning just compensation for a taking, the United States Supreme Court has employed the concept of fair market value. ***564.54 Acres of Land***, 441 U.S. at 511, 99 S.Ct. 1854. "**Under this standard, the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking.**" ***Id***.

***Adelphia Cablevision Associates of Radnor, L.P. v. University City Housing Co.,*** 755 A.2d 703, 713 (Pa. Super. 2000) (emphasis added).

The determination of the value of the coins and, thus, the amount of restitution that Appellant should pay, should be based on the fair market value on the date of the theft. Included in this determination is the price for which a reasonable seller would have been willing to sell the coins on the day of the theft. The Victim's testimony about sales on eBay does not reflect the concept of a "willing buyer" and a "willing seller." Rather, it represented an average of sales, which is merely one factor that an appraiser uses and extrapolates from to determine the fair market value of property.

Without expert testimony from an appraiser who can calculate the price at which a willing seller would sell and a willing buyer would purchase the

coins, the trial court cannot determine the amount that will fully compensate the Victim.

Additionally, I am concerned with the Majority's acceptance of using the purchase price of the coins to determine the amount necessary to compensate the Victim fully for his loss. The Victim had purchased the coins years earlier and the trial court, in fact, found that the value of the coins fluctuated over time. As a result, the purchase price is not a reliable measure of the Victim's actual loss on the date of the theft. At a minimum, the Victim will not be compensated for those coins that appreciated in value.

The practical implications of the Majority's holding is that a victim will never be fully compensated if the defendant has stolen an item that appreciates in value. If a victim may only recover the purchase price of the item stolen and the item appreciates in value, the victim will only be partially compensated for his loss.

Since the trial court must value a victim's loss at the time of the crime and the trial court in this case valued the loss based on the purchase price that reflects a value at a much earlier time, I would find that the trial court abused its discretion by valuing the coins according to their purchase price. I would reverse the decision of the trial court and remand for a new hearing. At a new hearing, the parties should present expert testimony that reflects the involuntary nature of the theft of the coins and the value of the coins based

upon the Victim being a "willing seller" transacting with a "willing buyer" on the date of the theft.

Judge Lazarus joins the dissenting opinion.