J-S76033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE CODY HACKWORTH | : | |
| | : | |
| Appellant | : | No. 713 WDA 2018 |

Appeal from the Order April 16, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001441-2008

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 13, 2018**

Shane Cody Hackworth (Appellant) appeals *pro se* from the order denying as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On July 24, 2008, [Appellant pled] guilty to Count 1 – Defiant Trespass, Count 2 – Possession of Marijuana, and Count 3 – Possession of Drug Paraphernalia.[FN]1  [Appellant] applied for admission to the Erie County Drug Treatment Court.  On July 24, 2008, [Appellant] was admitted into Drug Treatment Court and sentenced as follows:
>
> > **Count 1** – Probation for a period of 3 years, consecutive to Docket Number 3068 of 2007;
> > **Count 2** – Probation for a period of 30 days, consecutive to Count 1; and
> > **Count 3** – Probation for a period of 12 months, concurrent to Count 1.

On July 23, 2009, [Appellant's] probation was revoked and [Appellant] was re-sentenced to probation. No post-sentence motions were filed within the ten-day periods following [Appellant's] original sentencing or revocation and re-sentencing, nor was a direct appeal taken within 30 days of either sentencing. On May 10, 2017, [Appellant] filed a Motion for Reconsideration of Sentence *Nunc Pro Tunc*; his first post-sentence motion at this docket. Said Motion was denied on May 11, 2017 as untimely. On May 22, 2017, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania at Superior Court Docket Number 752 WDA 2017. The Superior Court held [that Appellant's] Motion for Reconsideration of Sentence *Nunc Pro Tunc* should have been treated as a request for relief under the Post Conviction Relief Act. ***See Commonwealth v. Hackworth***, 752 WDA 2017 (Pa. Super. [Jan. 3,] 2018) [(unpublished memorandum)]. This case was remanded for that purpose.

On January 10, 2018, Attorney William J. Hathaway was appointed as PCRA counsel and given 60 days to file a Supplemental Post Conviction Collateral Relief Petition or "no-merit" letter. On March 12, 2018, Attorney Hathaway filed a "no-merit" letter stating [Appellant's] PCRA is patently untimely.

---

[FN] 1 18 Pa.C.S.A. § 3503(b)(1)(v); 35 [P.S.] § 780-113(a)(31); 35 [P.S.] § 780-113(a)(32), respectively.

Order of Court, 3/14/18, at 1-2. The PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure on March 14, 2018. This appeal followed.

On August 21, 2018, Appellant filed an application for relief in this Court, requesting a ***Grazier***[1] hearing. This Court remanded the case to the PCRA court to address Appellant's request to proceed *pro se*. The PCRA court held

---

1 ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

a ***Grazier*** hearing on September 11, 2018, after which it granted Appellant's request to proceed *pro se*. Thereafter, the case was submitted back to this Court for disposition.

Appellant presents his issues verbatim as follows:

1) Was the Appellant Ineffectively represented and accept a plea for trespassing and other charges prior to appellant discovering sidewalk rule case law and Terry stop rules?

2) Did the Appellant have a Constitutional right to bring these newly discovered issues before the Erie County Courts Nunc Pro Tunc within (60) days of the discovery of sidewalk rule case law?

3) Did the Erie County Courts abuse discretion for not granting relief when undisputable facts have been presented by a Pro-Se litigant?

4) Was Attorney Hathaway strategically appointed to represent the Appellant on appeal by the Erie County Courts to deter the Appellant's appeal, even though clear error of law occurred pursuant to the Terry stop and "Sidewalk Rules?["]

5) Is the Appellant entitled to review when undisputed "Newly Discovered" evidence has been located and filed before the court within (60) days?

Appellant's Brief at 2.

We note initially that "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Monaco***, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). Here, the trial court entered Appellant's judgment of sentence on July 24, 2008. Appellant did not file any post-sentence motions or a direct appeal with this Court. Appellant's

judgment of sentence became final 30 days from July 24, 2008, or August 25, 2008. *See* Pa.R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed."). Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of August 25, 2008, or August 25, 2009. Appellant did not file his PCRA petition until May 10, 2017, over seven years after his judgment of sentence became final. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

Appellant attempts to invoke the newly-discovered fact exception under section 9545(b)(1)(ii) by asserting "that if the Appellant had prior knowledge of the law or was reasonably counseled by [plea counsel], this case would have went [sic] before the court on motions for suppression of evidence pursuant to the *Terry*[2] Stop violations and sidewalk rule." Appellant's Brief at 5. Appellant contends that these issues, which were "disregarded" by plea counsel, "would have undisputedly changed the outcome of the Appellant's conviction and sentence." *Id.* Therefore, Appellant argues that the PCRA court possessed jurisdiction over the merits of his petition.

The newly-discovered fact exception:

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

- 5 -

has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (quotation marks and citations omitted) (emphasis removed).

Appellant's claim does not constitute a newly-discovered fact. It is well settled that "decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii)[.]" *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) (holding that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in the PCRA, and stating that "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts").

Moreover, even if the decisions upon which Appellant relies could be considered new "facts" under section 9545(b)(1)(ii), he still would not be entitled to relief. Our case law is clear that the entry of a guilty plea constitutes waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence. *See Commonwealth v. Roden*, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed."); *see also Commonwealth v. Messmer*,

- 6 -

863 A.2d 567, 571 (Pa. Super. 2004) ("The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence."). Thus, there is no support for Appellant's claim that plea counsel should have filed a motion to suppress based on an alleged **Terry** stop violation or otherwise.

Accordingly, the PCRA court properly denied Appellant's PCRA petition.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2018

_____

[3] While Appellant raised five issues in his statement of questions presented, the argument section of his brief consists of only three sentences in which he argues that he met the jurisdictional timeliness requirements of the PCRA. It is well settled that he argument portion of an appellate brief must be developed with pertinent discussion of the issue, including citations to relevant authority. **See** Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority); **see also Commonwealth v. Genovese**, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority"). Although we are mindful that Appellant is proceeding *pro se*, his *pro se* status does not relieve him of his responsibility to properly raise and develop appealable claims. **See Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996). Moreover, this Court will not act as Appellant's counsel. **Id.**