J-A19025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL RODRIGUEZ-VENTURA | : | |
| | : | |
| Appellant | : | No. 163 MDA 2024 |

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001683-2022

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                  **FILED: OCTOBER 31, 2024**

Rafael Rodriguez-Ventura ("Rodriguez-Ventura") appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We dismiss the appeal.

The underlying facts of this case are largely immaterial to our disposition.  Briefly, in 2022, police arrested Rodriguez-Ventura and charged him with numerous drug-related offenses, including possession with intent to deliver fentanyl and methamphetamine.  In January 2023, the matter proceeded to a jury trial.  However, after the jury was selected, Rodriguez-Ventura entered a negotiated guilty plea to three of the offenses, and the trial court sentenced him to an aggregate sentence of eight to sixteen years in

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

prison.[2]  On March 7, 2023, the trial court conducted a resentencing hearing after which it modified Rodriguez-Ventura's sentence without change to the aggregate sentence.  Rodriguez-Ventura did not file a timely post-sentence motion within ten days of the entry of the March 7, 2023 judgment of sentence.[3]

Instead, six months later on September 21, 2023, Rodriguez-Ventura filed an untimely "Motion for Modification of Sentence *Nun Pro Tunc.*"  The lower court treated the motion as a timely PCRA petition and appointed

_____

[2] In connection with his plea, Rodriguez-Ventura signed a four-page document entitled "Defendant's Acknowledgement of Post-Sentence Procedures Following Guilty Plea," in which he was informed (in both English and Spanish) of his right to file a post-sentence motion within ten days of sentencing, as well as the specific requirements related to the filing of a post-sentence motion.  **See** Defendant's Acknowledgement of Post-Sentence Procedures Following Guilty Plea, 1/23/23, at unnumbered 1-4.

[3] This Court is mindful that, pursuant to Pa.R.Crim.P. 704(C)(3)(a), at the time of sentencing, "[t]he judge shall determine on the record that the defendant has been advised . . . of the right to file a post-sentence motion and to appeal, . . . [and] of the time within which the defendant must exercise those rights."  This Court is also mindful that, when the trial court fails to ensure that a defendant understands their appellate rights, a breakdown in court operations has occurred. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007).  In the instant matter, the record reflects that Rodriguez-Ventura was advised of his post-sentence rights after his initial sentencing.  Rodriguez-Ventura has not alleged that the trial court failed to advise him of his post-sentence and appellate rights in connection with his resentencing.  Moreover, Rodriguez-Ventura's failure to ensure that the March 7, 2023 sentencing transcript was included in the certified record prevents this Court from independently determining whether any such breakdown occurred. **See Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006) (stating "the responsibility rests upon the appellant to ensure that the record certified on appeal is complete").

counsel. In lieu of filing an amended petition, counsel filed a motion to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Rodriguez-Ventura filed a response to the Rule 907 notice. On January 8, 2024, the PCRA court entered an order dismissing the petition. Rodriguez-Ventura filed a timely notice of appeal. On February 5, 2024, the PCRA court entered a Pa.R.A.P. 1925(b) order directing him to file a concise statement within twenty-one days. Rodriguez-Ventura did not comply with the order. Accordingly, on March 13, 2024, the PCRA court authored a Rule 1925(a) opinion in which it deemed all issues waived due to Rodriguez-Ventura's failure to file a concise statement. On April 2, 2024, Rodriguez-Ventura filed an untimely concise statement, which the PCRA court forwarded to this Court.[4]

_____

[4] Ordinarily, the failure to file a court-ordered Rule 1925(b) concise statement results in the waiver of all issues on appeal. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1988) (holding that issues are considered waived where no Rule 1925(b) statement was filed). However, we note that pursuant to Pa.R.Crim.P. 114(B)(1), the clerk of courts must promptly serve a copy of any order on the party if unrepresented. Additionally, the clerk shall promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order. **See** Pa.R.Crim.P. 114(C)(2). In the instant case, the docket reflects that the Rule 1925(b) order was sent to the Commonwealth only, and there is no indication that the order was sent
*(Footnote Continued Next Page)*

In this Court, Rodriguez-Ventura purported to file an appellate brief. However, his "brief" consists of six copies of the same two-page document entitled "Pursuant Pa.R.A.P. 2185 ORDER." The entirety of the unnumbered, two-page document consists of the following:

1. Was counsel ineffective for failing to properly raise a substantial issue as to the appropriateness of sentence including that the trial court improperly double[-]counted his criminal history and prior record score ? *see*: ***Commonwealth v. Whitmore*** 860 [A].2d 1032 (2004)

2. Mr. Gurwitz was not prepared for trial and needed to leave the court to get his material for trial. *see* transcripts: Jury section, Guilty Plea and Sentencing Monday, January 23, 2023 Reading PA.

3. Did the trial court error in double-count [Rodriguez-Ventura's] prior PWID conviction in imposing a statutory maximum sentence under section 780-115, After it has factored his prior PWID conviction into his PRS under the guidelines? *see*: ***Commonwealth v. CRUZFIGUEROA***, 852 MDA 2018

4. The imposition of a negotiated sentence, like [Rodriguez-Ventura's], did not conflict with statutory scheme of the Recidivism Risk Reduction Incentive (RRRI) sentencing process and did not disqualify a defendant from eligibility under the RRRI statute, Did trial court erred in failing to consider [Rodriguez-Ventura's] eligibility for an RRRI sentence? *see*: ***Commonwealth v. Robinson***, 7 A.3d 868 (2010).

Rodriguez-Ventura's Brief at unnumbered 1-2.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P.

_____

to Rodriguez-Ventura, who was by then unrepresented. Accordingly, we decline to find waiver of his issues based on his failure to file a Rule 1925(b) concise statement.

- 4 -

2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." ***See id***. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005).

Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant shall consist of the following matters, separately and distinctly entitled and in the following order:

> (1) Statement of Jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> (7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
>
> (8) Argument for appellant.
>
> (9) A short conclusion stating the precise relief sought.
>
> (10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

In the present instance, Rodriguez-Ventura has not attempted to structure his brief to comply with the Rule 2111(a) requirements, thus hampering effective appellate review. Specifically, his brief contains no statement of jurisdiction, no order in question, no statement of the scope and standard of review, no statement of the case, no summary of the argument, and no coherent, developed argument. *See* Pa.R.A.P. 2111(a).

In addition, Pa.R.A.P. 2119(b) requires a party to include citations to the record and to relevant case law in support of its argument in its brief on appeal. *See Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (holding that the argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority). When the appellant fails to adequately develop his argument, meaningful appellate review is not possible. *See id*. This Court will not act as counsel and will not develop arguments on behalf of an appellant. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007).

"When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982). In such cases, this Court possesses discretionary authority to quash or dismiss the appeal based upon the substantial defects in the appellant's brief. ***See*** Pa.R.A.P. 2101; ***see also Commonwealth v. Ely***, 554 A.2d 118, 119 (Pa. Super. 1989).

Here, Rodriguez-Ventura's substantially defective brief prevents our ability to conduct meaningful appellate review. Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024